# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAKEENAH INGRAM, | : CIVIL ACTION |
| Plaintiff, | : |
| | : |
| v. | : No. 11-6002 |
| | : |
| CAROLYN W. COLVIN, | : |
| COMMISSIONER OF SOCIAL | : |
| SECURITY,[1] | : |
| Defendant. | : |

## O R D E R

**AND NOW**, this 4th day of June, 2015, upon consideration of Plaintiff's Brief and Statement of Issues in Support of Request for Review (Doc. No. 8), Defendant's Response to Request for Review of Plaintiff (Doc. No. 12), Plaintiff's Reply Brief (Doc. No. 13), and after review of the Report and Recommendation of United States Magistrate Judge Henry S. Perkin dated February 13, 2015 (Doc. No. 16) and all responses thereto, it is hereby **ORDERED** that:[2]

---

[1] Carolyn W. Colvin is substituted as the Defendant in this action. See FED. R. CIV. P. 25(d).

[2] The defendant filed an objection to the Report and Recommendation. I will address it briefly. The defendant argues that Judge Perkin's Report and Recommendation did not adhere to the recent Third Circuit precedent found in Zirnsak v. Colvin, 777 F.3d 607 (3d Cir. 2014). Zirnsak was first issued as an unpublished opinion in December 2014 and was re-designated as a published decision on February 12, 2015, the day before Judge Perkin issued his Report. Zirnsak was, obviously, not offered by the parties because it had not been decided by the time briefing was complete. Though Judge Perkin did not discuss Zirnsak, he relied on the same caselaw as Zirnsak. See Simpson v. Astrue, 2011 WL 1883124 (E.D. Pa. May 17, 2011), Burns v. Barnhart, 312 F.3d 113, 127 (3d Cir. 2002), Boone v. Barnhart, 353 F.3d 203, 209 (3d Cir. 2004)); McHerrin v. Astrue, 2010 WL 3516433 (E.D. Pa. 2010).

In Zirnsak, the Third Circuit addressed how a district court should handle an Administrative Law Judge's (ALJ) failure to resolve conflicts between a Vocational Expert's (VE) testimony and the Dictionary of Occupational Titles (DOT). Id. at 616. "As a general rule, occupational evidence provided by a VE should be consistent with the occupational evidence presented in the DOT." Id. at 617. Courts have imposed an obligation on ALJs to "[i]dentify and obtain a reasonable evidence provided by VEs…and information in the [DOT]." Id. (citing Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005)). "Specifically, an ALJ is required to (1) ask, on the record, whether the VE's testimony is consistent with the DOT, (2) 'elicit a reasonable explanation' where an inconsistency does appear,

1

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. The relief sought by Plaintiff is **GRANTED** in part as described below;

3. The case is **REMANDED** to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g), and in accordance with the Report and Recommendation; and

4. In all other respects, Plaintiff's request for relief is **DENIED**.

BY THE COURT:

/s/Lawrence F. Stengel
LAWRENCE F. STENGEL, J.

---

and (3) explain in its decision 'how the conflict was resolved.'" Id. (quoting Burns v. Barnhart, 312 F.3d 113, 127 (3d Cir. 2002)). If an ALJ fails to address the inconsistency and provide an explanation for how it is resolved, a remand may be warranted. Id. However, a remand isn't mandatory if there is "substantial evidence" to support a decision. Id.

In Zirnsak, the ALJ met the affirmative duty to inquire about inconsistencies but did not elicit a reasonable explanation from the VE or explain how the conflict was resolved. Id. Only after acknowledging that the ALJ did not provide an explanation did the Third Circuit consider whether a lack of substantial evidence warranted a remand. Id. at 617-18. As Judge Perkin explained, the ALJ did not ask the VE at all whether the VE's testimony was consistent with the DOT nor did the ALJ explain how the discrepancy or conflict was resolved. In this regard, Zirnsak is distinguishable.

Judge Perkin also found that the ALJ did not provide appropriate and adequate support for her decision and that it was not supported by substantial evidence. I agree that there is not substantial evidence to support the ALJ's decision in the record.

Furthermore, while Zirnsak did explain that "there is no *per se* conflict between a job that requires level 3 reasoning and a finding that a claimant should be limited to simple and routine work," the court found that the facts of that case resulted in essentially a harmless error by the ALJ in not further exploring the conflict. Id. at 618-19. The same cannot be said here. The ALJ in this case proceeded through all five steps. See Doc. No. 7-2 at 19-27 (ALJ's Decision). She found that the plaintiff was unable to perform any past relevant work. Doc. No. 7-2 at 26 (ALJ's Decision at 8). Yet, relying only on the VE's testimony only, she found that the plaintiff was "not disabled." Doc. No. 7-2 at 27 (ALJ's Decision at 9). The conflict between the VE's testimony and the DOT was not "minor," and the error not to inquire into the inconsistency was not harmless. See Zirnsak, 777 F.3d at 618-19. The plaintiff, in the least, is entitled to a more fully developed explanation of the ALJ's decision. Under these circumstances, a remand is warranted.